Davis, J.,
delivered the opinion of the court:
This case was tried at the last term and judgment entered for the plaintiff (20 C. Gis. R., 298), whereupon the Government moved for a new trial; this motion was not, however, argued until lately.
The issue presented in the case was as to the power of the Treasurer of the United States to apply proceeds of bonds in his possession, the property of the insolvent bank, to the payment of taxes alleged to be due the Government, and we held *204 that the Treasurer “ held the fund for one purpose only — that of redeeming the circulating notes” (p. 306), and that done the entire power over this as over other assets of the corporation was in the Comptroller of the Currency. The Government now introduces as new evidence a certificate of that Comptroller that all claims against the bank have been paid in full, except those of the stockholders. It may be assumed, however, that the Comptroller means all claims other than this one of the Government, although the certificate does not in terms make such an exception. We cannot see that this is good ground for a new trial. The action tried the right to the bonds after the circulation had been protected, and we held that right to be in the Comptroller, saying the United States having no lien for the taxes “on the fund in the hands of the Treasurer, * * * and having no priority over other creditors, must take from the Comptroller (into whose hands any recovery in this action will go), as do other creditors, its pro rata share of the net- assets, # * * and therefore without prejudice to the right of the defendants to receive that sum should the Comptroller consider the claim proved to his satisfaction” judgment was given for the claimant, the receiver appointed by the Comptroller.
The decision therefore determined the right to the surplus bonds to be in the Comptroller, while the motion for a new trial practically asks us to pass upon a very different question, to wit, whether with the judgment recovered the Comptroller should pay the taxes. This question the Treasury has a right to submit to this court, but not in this way; it is a matter pending in an Executive Department involving “controverted question of fact or law,” and may therefore be transmitted here for our findings and opinion under the second section of the act of 1883, known as the Bowman Act (22 Stat. L., 485).
Motion denied.